UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No: 12 CV 5386

------------------------------------------------------------X
ROGIE ESTHER ONOYEYAN, individually and on
behalf and all others similarly situated,

                         Plaintiffs,

                    -against-                   COMPLAINT AND
                                            DEMAND FOR JURY TRIAL

ATRIA SENIOR LIVING GROUP, INC.,
STERLING GLEN CARE AT HOME, LLC,
FOREST CITY ENTERPRISES, INC. AND ASQ
PAYROLL, INC.,

                        Defendants.
------------------------------------------------------------X



## INTRODUCTION

      Plaintiff, Rogie Esther Onoyeyan, individually and on behalf of all others similarly situated, by her attorneys, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff, Rogie Esther Onoyeyan, alleges on behalf of herself and other current and former Home Health Aides and similarly situated current and former employees holding comparable positions but different titles (hereinafter referred to collectively as "HHA"), employed by defendants, Atria Senior Living Group, Inc., Sterling Glen Care At Home, LLC, Forest City Enterprises, Inc. and ASQ Payroll, Inc. (hereinafter collectively "defendants") in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective Action Members"), that they are: (i) entitled to unpaid wages for hours worked above 40 in a workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

2. Plaintiff, Rogie Esther Onoyeyan, pursuant to FED. R. CIV. P. 23, further alleges on behalf of herself and other current and former HHAs and similarly situated current and former employees holding comparable positions but different titles, employed by Defendants in the State of New York (hereinafter the "Class") that they are: (i) entitled to unpaid wages from defendants for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor Regulations and (ii) Defendant's willful failure to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3) resulting in penalties under NYLL §§ 198(1)(b) and 198(1)(d).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over plaintiffs claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (a).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. A substantial part of the events or omissions giving rise to plaintiffs claims occurred in New York.

## **THE PARTIES**

*Plaintiff(s)*

8.     Plaintiff, Rogie Esther Onoyeyan, is an adult individual residing in, Queens, New York.

9.     Plaintiff was employed by the Defendants, from on or about February 2004 until on or about April 23, 2010, as a HHA at Defendant's facilities located at 51 Great Neck Road, Great Neck, New York 11021, 146 Glen Street, Glen Cove, New York 11542, and 112-50 72 Avenue, Forest Hills, New York 11375.

*Defendants*

10.     Upon information and belief, Defendant, Atria Senior Living Group, Inc., (hereinafter "Atria") is a foreign corporation, duly authorized to conduct business in the state of New York, with its principal executive offices at 401 South 4 Street, Suite 1900, Louisville, Kentucky, 40202.

11.     Upon information and belief, Defendant Atria, Inc., is a privately held, for-profit seniors housing company based in Louisville, Kentucky. The company operates 121 facilities in 27 states. Atria is one of the largest assisted living companies in the United States, with the capacity to house and provide services to as many as 14,000 residents. The company serves a moderate-to-upscale assisted living niche, primarily in suburban markets.

12.     Upon information and belief, defendant, Sterling Glen Care At Home, LLC (hereinafter "Sterling Glen") is a domestic limited liability company, with its principal executive offices at 96 Cutter Mill Road, Great Neck, New York, 11021.

13.     Upon information and belief, defendant, Sterling Glen, is a domestic limited liability company, for-profit seniors housing company based at 96 Cutter Mill Road, Great Neck,

New York, 11021. The company operates at least 11 residence facilities in New York, Connecticut and Pennsylvania.

14. Upon information and belief, defendant, Forest City Enterprises, Inc., (hereinafter "Forest City") is a Foreign corporation, duly authorized to conduct business in the state of New York, with its principal executive offices at Terminal Tower, 50 Public Square, Suite 1360. Cleveland, Ohio, 44113.

15. Upon information and belief, defendant, Forest City Forest City Enterprises, Inc. is an $11.8 billion real estate company engaged in the ownership, development, management and acquisition of commercial and residential real estate and land throughout the United States.

16. Upon information and belief, defendant, Asq Payroll Inc. (hereinafter "Asq Payroll") is a Foreign corporation, duly authorized to conduct business in the state of New York, with its principal executive offices at 401 South 4 Street, Suite 1900, Louisville, Kentucky, 40202.

17. Upon information and belief, defendant, Asq Payroll is a Delaware company, based Louisville, Kentucky and employs the plaintiff at the facilities in New York, where plaintiff worked.

18. Upon information and belief, or about January 30, 2009 Forest City completed the sale of Sterling Glen to defendant Atria including the facilities above mentioned.

19. Plaintiff worked at all three above mentioned facilities and was moved from facility to facility according to the demands of the defendants.

20. Defendants, jointly employed plaintiff and similarly situated current and former employees.

21. Defendants are each covered employers within the meaning of the FLSA and the NYLL.

22. Upon information and belief, each Defendant has a gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

23. Pursuant to 29 U.S.C. § 207, plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants as a HHAs and other similarly situated current and former employees holding comparable positions but different titles, at any time from July 12, 2009 to the entry of judgment in this case (the "Collective Action Period").

24. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate plaintiff and other HHAs time and a half for all hours works over 40 hours. The Defendants compensated the plaintiff and other HHAs straight time only.

25. There are many similarly situated current and former HHAs (and other employees holding comparable positions, but different titles) who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

26. Those similarly situated employees are known to Defendants, are readily identifiable and can be located though Defendants' records.

## CLASS ACTION ALLEGATIONS

27. Plaintiff also brings NYLL class on behalf of herself and a class of persons under Fed. R. Civ. P. 23, consisting of "all persons who work or have worked for Defendants as Home Health Aides or other comparable positions but different titles, from July 12, 2006, to the date of the judgment in this action (the "Class").

28. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.

29. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

31. whether Defendants have failed and/or refused to pay plaintiff and the Class over time pay for the hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   a. whether Defendants willfully failed to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3), resulting in penalties under NYLL §§ 198(1)b and 198(1)d;

   b. the nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

    c. whether Defendants can prove that their unlawful policies were implemented in good faith.

32. Plaintiff's claims are typical of the claims of the Class she seeks to represent. Plaintiff and the Class work or have worked for Defendants as HHAs in their residence and facilities and have not been paid overtime wages for the hours they have worked in excess of 40 per week. By failing to comply with the NYLL overtime protections, Defendants have acted and refused to act on grounds generally applicable to the Class.

33. Plaintiff will fairly and adequately represent and protect the interests of the Class.

34. Plaintiff has retained counsel competent and experienced in complex class actions and in wage and hour litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this wage and hour litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

36. The members of the Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Class Members are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

37. Class treatment is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

38. Consistent with the Defendants' policy and pattern or practice, plaintiff and the members of the FLSA Collective and the Class regularly worked in excess of 40 hours per week without being paid overtime wages.

39. Defendants have assigned all of the work that plaintiff and the Class/Collective Action Members have performed, and/or Defendants are aware of all the work that they have performed.

40. All of the Class/Collective Action Members performed the same primary job duties, including but not limited to: one on one care to sick, elderly or infirm patients at the Defendants facilities, including showering, dressing, cleaning up the patient, taking the patients to the dining room and activities, accompanying the patient whenever they went out, accompanying the patient when they went to the doctor appointments, making sure the patient did not forget to take his/her medications and other similar type of duties.

41. Pursuant to a centralized, company-wide policy, pattern or practice, Defendants have failed to pay the time and a half required for any hour over forty during a work week as required by the overtime provisions of the FLSA and the NYLL.

42. As part of their regular business practice, the Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the NYLL with respect to plaintiff and the Class/Collective Action Members. This policy and pattern or practice includes but it is not limited to:

43. willfully failing to pay plaintiffs and the Class/Collective Action Members, overtime wages for hours that they worked in excess of 40 hours per week.

44. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and NYLL.

45. Defendants are aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

46. Defendants' failure to pay overtime wages for work performed by the Class/Collective Action Members in excess of 40 hours per week was willful.

47. Defendants' unlawful conduct has been widespread, repeated and consistent.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

48. Plaintiff worked for defendants from on or about February 2004 until on or about April 23, 2010.

49. The tasks that plaintiff regularly performed as an HHA included but are not limited to:

    a)     one on one care to a sick, elderly or infirm patient at the facility;
    b)     showering the patient;
    c)     dressing the patient;
    d)     cleaning up the patient;
    e)     taking the patient to the dining room and activities;
    f)     accompanying the patient whenever they went out;
    g)     accompanying the patient when they went to the doctor appointments;
    h)     making sure the patient did not forget to take his/her medications; and
    i)     other similar type of duties.

50. Plaintiff's duties were conducted at a facility not a private residence.

51. Plaintiff's primary duties were manual in nature. The performance of manual duties occupied the majority of plaintiff's working hours.

52. Consistent with Defendants' policy and pattern or practice, plaintiff regularly worked in excess of 40 hours per workweek without being paid overtime wages.

53. Defendants were or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

### FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and all FLSA Collective Action Members)

54. Plaintiff realleges and incorporates by reference all allegations in Paragraphs 1-53 as if fully set forth herein.

55. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

56. Plaintiff has consented, in writing, to be a party to this action, pursuant to 29 U.S.C. § 216(b).

57. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

58. Defendants are employers within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59. At all times relevant, Planitff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60. Defendants have failed to pay plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

61. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and other similarly situated current and former employees.

62. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63. As a result of defendants' violations of the FLSA, plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

64. As a result of the unlawful acts of defendants, plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and all Class Members)

65. Plaintiff realleges and incorporates by reference Paragraphs 1-53 as if fully set forth herein.

66. At all times relevant to this action, plaintiff was an employee and defendants have been employers within the meaning of the NYLL.

67. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants.

68. Defendants have failed to pay plaintiff and the Class the overtime wages to which they were entitled under the NYLL.

69. By defendants' failure to pay plaintiff and the Class Members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

70. As a result of defendants' violations of the NYLL, plaintiff and the Class Members are entitled to recover from defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (New York Labor Law: Failure to Comply With Notice and Record Keeping Requirements)
### (Brought on Behalf of Plaintiff and all Class Members)

71. Plaintiff realleges and incorporates by reference Paragraphs 1-53 as if fully set forth herein.

72. NYLL § 195(4) requires, among other things, that defendants establish and maintain, for at least three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

73. NYLL § 661 requires defendants to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

74. 12 N.Y.C.R.R. § 142-2.6 requires defendants to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate,

number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

75. NYLL § 195(3) requires that defendants furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

76. N.Y.C.R.R. § 142-2.7 requires defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

77. Defendants did not provide the plaintiff and members of the Class with the requisite notices and statements described above in paragraphs 80-81.

78. As a result of defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), plaintiff and the Class Members are entitled to recover from defendants penalties as provided by NYLL § 198(1)b and 198(1)d.

## PRAYER FOR RELIEF

Wherefore, plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

a. At the earliest possible time, plaintiff be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are presently or have, at any time from July 12, 2009 through and including the date of this Court's issuance of court-supervised notice, been employed by defendants as HHAs and similarly situated current and former employees holding comparable positions but different titles. Such notice shall inform them that this civil action has been filed, of the nature of the action and of their right to join this lawsuit;

b. Unpaid wages and liquidated damages in the maximum amount allowed under the FLSA;

c. Equitable tolling of the FLSA statute of limitation as a result of the defendants' failure to post requisite notices under the FLSA;

d. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

e   Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3).

f. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g. Designation of the plaintiff as representatives of the Class, and counsel of record as Class Counsel;

h. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

i. Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

j. Pre-judgment and post-judgment interest, as provided by law;

k.  An injunction prohibiting defendants from violating the NYLL Article 19, §§ 650, et seq., the supporting New York State Department of Labor Regulations and NYLL §195(1) and 195(3).

l.  Attorneys' fees and costs

m.  Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

By: Charles Gershbaum

Marc S. Hepworth
Charles Gershbaum
David A. Roth
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:      (212) 545-1199
Facsimile: (212) 532-3801
Droth@hgrlawyers.com
Charles@hgrlawyers.com
Mhepworth@hgrlawyers.com